SHEVIN, Judge.
Michael Marrone appeals an order denying his Florida Rule of Civil Procedure 1.540 motion for relief from judgment. We affirm.
The motion does not raise meritorious grounds for setting aside the final ejectment judgment. That judgment was affirmed by this court in Skifano v. Board of Trustees of the Internal Improvement Trust Fund, 707 So.2d 1195 (Fla. 3d DCA)(citing § 253.12, Fla. Stat. (1997)), review denied, 717 So.2d 537 (Fla.1998). The Board of Trustees of the Internal Improvement Trust Fund has the authority to prohibit houseboats, such as the one inhabited by Marrone. See § 327.60, Fla. Stat. (1999); Fla. Admin. Code R. 18-21.004(l)(e). In denying Maronne’s motion, we agree with the trial court’s ruling:
A) Final Judgment ejecting the Defendants was entered by this Court in this cause on April 30, 1997, and affirmed by the Third District Court of Appeal on May 8,1998.
B) The City acted properly and faithfully in compliance with the Referendum and Special Election of Tuesday, January 13, 1998, wherein the City was directed to “petition the State of Florida to acquire Houseboat Row on South Roosevelt Boulevard ...” The City made a proper request to the Board of Trustees to acquire or lease sovereignty submerged land beneath Houseboat Row, achieved the goal of including the request on the agenda of matters to be considered by the Board of Trustees, attended all public meetings of the Board of Trustees wherein the request was considered, and made argument on behalf of the City in favor of the request.
C) The Board of Trustees denied the request by the City to acquire or *480 lease sovereignty submerged land beneath Houseboat Row on July 28, 1998, and again on December 13, 1998. Rule 1821.004(l)(e), Florida Administrative Code, prohibits “[s]tilt house, boathouses with living quarters or other such residential structures ” on sovereignty submerged lands. [Emphasis added.] The houseboats are “other such residential structures” that are prohibited on sovereignty submerged land. The Board of Trustees made a valid decision based upon properly promulgated rule. The Board of Trustees considered the City’s request for a management agreement and factored it into their denial of the City’s request to lease sovereignty submerged land beneath Houseboat Row.
D) Section 827.60, Florida Statutes, gives local authorities the right to regulate the mooring and anchoring of floating structures and live-aboard vessels within their jurisdictions, but does not usurp the superior right of the Board of Trustees [to] exercise proprietary authority as lawful owners of sovereignty submerged land.
E) The Defendants have not demonstrated any entitlement to relief from judgment pursuant to Rule 1.540, Florida Rules of Civil Procedure. Defendants have not demonstrated that there was mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, a void or satisfied judgment, or any inequity that justifies setting aside the previous judgment or amending it in any manner. That there was referendum passed by the City requiring it to petition the State to acquire the property beneath Houseboat Row does not create newly discovered evidence for purposes of relief from judgment. There was no fraud or misrepresentation by the City in carrying out its duties as set forth in the Referendum of Tuesday, January 13,1998. Finally, the lag in time between entering judgment and execution of that judgment has not created an inequity entitling Defendants to relief from the prospective application of that judgment.
Accordingly, the order is affirmed.